**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NORMAN H. LAWTON,

     *Plaintiff,*

  v.

UNITED STATES,

     *Defendant.*[1]

Civil Action No. 24-cv-3653 (RDM)

**<u>MEMORANDUM OPINION</u>**

Pending before the Court are Defendant United States' Motion to Dismiss, Dkt. 13, and

*pro se* Plaintiff Norman Lawton's Motions for Relief from Judgment, Dkts. 18, 22.  For the

reasons set forth below, the Court will **GRANT** Defendant's motion to dismiss and will

**DENY** Plaintiff's motions for relief from judgment.

**I. BACKGROUND**

Plaintiff's complaint alleges the following facts, which the Court accepts as true for the

purpose of the motion to dismiss.  *See Gordon v. U.S. Capitol Police*, 778 F.3d 158, 163–64

(D.C. Cir. 2015).

On April 1, 2024, Plaintiff mailed his 2023 Form 1040-SR U.S. Tax Return for Seniors

and a payment check of $ 4,288.40 to the Internal Revenue Service ("IRS").  Dkt. 1 at 5 (Compl.

¶ 1).  On June 10, 2024, the IRS issued Plaintiff a CP11 Notice identifying errors on his tax

return related to the child tax credit, credit for other dependents, tax computation, and tax on

Social Security benefits.  *Id.* at 5 (Compl. ¶ 2); Dkt. 1-2 at 48–52.  The notice increased

---

[1] Pursuant to 26 U.S.C. § 7422(f)(1), it is hereby ORDERED that the United States is substituted as the defendant in this matter.

Plaintiff's total tax liability and advised Plaintiff that he owed $5,484.47 to the IRS by July 1, 2024.  Dkt. 1-2 at 48, 50.  Following the adjustments reflected in the notice, the IRS did not process Plaintiff's April 2024 check.  Dkt. 1 at 5 (Compl. ¶ 3).

On June 17, 2024, Plaintiff mailed a second check in the same amount as his original check, accompanied by a letter to the IRS disputing the calculations and adjustments reflected in the notice.  *Id.*; Dkt. 1-2 at 38–46.  On August 5, 2024, the IRS mailed Plaintiff a past-due notice in the amount of $1,222.07, reflecting a tax underpayment of $1,196.47 and accrued interest and penalties, with payment due by August 26, 2024.  Dkt. 1 at 5–6 (Compl. ¶ 4); Dkt. 1-2 at 53–57. On August 14, 2024, Plaintiff mailed the IRS a check for $1,222.07 to satisfy the past due notice.  Dkt. 1 at 6 (Compl. ¶ 5).  He then filed a petition in the United States Tax Court on August 14, 2024, seeking abatement of the interest and penalties assessed by the IRS.  *Id.* at 9 (Compl. ¶ 6).  The Tax Court dismissed Plaintiff's petition for lack of jurisdiction.  Dkt. 1-2 at 9–10.

On December 20, 2024, Plaintiff initiated this action against the Commissioner of Internal Revenue, seeking $1,222.07 plus interest in damages incurred as a result of the IRS's alleged errors in calculating his 2023 tax liability.  Dkt. 1 at 4, 12 (Compl.).  He also requests that his tax account be corrected to acknowledge the IRS's alleged miscalculation of his tax liability.  *Id.*  On June 6, 2025, the Commissioner moved to dismiss Plaintiff's complaint.  Dkt. 13.  Plaintiff responded to the motion to dismiss and filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) on June 23, 2025.  Dkts. 17, 18.  Before the Court resolved either of the pending motions, Plaintiff filed another motion for relief from

judgment on December 9, 2025.[2]  Dkt. 22.  Defendant's motion to dismiss and Plaintiff's

motions for relief from judgment are now ripe for decision. [3]

## II. LEGAL STANDARD

Defendant moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction

pursuant to Rule 12(b)(1), for improper venue under Rule 12(b)(3), and for failure to state a

claim pursuant to Rule 12(b)(6).

### A.     Rule 12(b)(1)

Federal courts are "courts of limited jurisdiction, possessing only [the] power authorized

by [the] Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013).  "Because subject-

matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a Rule 12(b)(1)

motion imposes on the court an affirmative obligation to ensure that it is acting within the scope

of its jurisdictional authority." *Blackwood of DC, LLC v. IRS*, No. 23-cv-7, 2024 WL 5044606,

at *2 (D.D.C. Sept. 11, 2024).  The Court must dismiss any claim over which it lacks subject

matter jurisdiction.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006).

Defendant raises a "facial" challenge to the Court's jurisdiction.  *Afanasieva v.

Washington Metro. Area Transit Auth.*, 588 F. Supp. 3d 99, 105 (D.D.C. 2022).  "A facial

challenge to the Court's jurisdiction contests the legal sufficiency of the jurisdictional allegations

---

[2] Although Plaintiff's second motion for relief from judgment is labeled as a motion for
reconsideration on CM/ECF, *see* Dkt. 22, Plaintiff invokes Rule 60(b), not Rule 54(b), and
purports to challenge a final judgment, *id.* at 6–7.  The Court will therefore construe Plaintiff's
December 9, 2025, filing as a motion for relief from judgment.

[3] Before the Court resolved Defendant's motion to dismiss or Plaintiff's first motion for relief
from judgment, Plaintiff filed a notice of appeal, which identified Document 13-2 as the final
judgment to be appealed.  Dkt. 20 at 5.  Plaintiff appears to have mistaken Defendant's proposed
order for a final appealable order issued by this Court.  Because Plaintiff's appeal is patently
improper, it does not divest the Court of jurisdiction to rule on the pending motions.  *Kelleher v.
Dream Catcher, L.L.C.*, 278 F. Supp. 3d 221, 226 (D.D.C. 2017) (frivolous appeal does not
divest the district court of jurisdiction).

contained in the complaint." *Id.* (citation modified).  To resolve a facial challenge, the Court "accept[s] all well-pleaded factual allegations as true and draw[s] all reasonable inferences from those allegations in the plaintiff's favor" but does not "assume the truth of legal conclusions." *Id.*  (quoting *Williams v. Lew*, 819 F.3d 466, 472 (D.C. Cir. 2016)).

**B.     Rule 12(b)(3)**

Under Rule 12(b)(3) and 28 U.S.C. § 1406(a), the Court may dismiss an action "when venue is 'wrong' or 'improper' in the forum in which it was brought." *Haysbert v. Word*, No. 20-cv-2152, 2021 WL 254105, at *2 (D.D.C. Jan. 25, 2021) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55 (2013)).  To prevail on a motion to dismiss for improper venue, "the defendant must present facts that will defeat the plaintiff's assertion of venue." *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 129 (D.D.C. 2013) (citation modified).  Once the defendant satisfies this burden of coming forward, however, the burden of proof remains on the plaintiff to demonstrate that venue is proper, "since it is the plaintiff's obligation to institute the action in a permissible forum." *Chrishon-Skinner v. Jones*, No. 24-cv-2220, 2025 WL 1575674, at *4 (D.D.C. Jan. 8, 2025) (citation modified).  To determine whether venue is proper, "a court must accept the plaintiff's well-pled factual allegations as true, resolve any factual conflicts in the plaintiff's favor, and draw all reasonable inferences in favor of the plaintiff." *Id.*

**C.     Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests "the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  In evaluating a Rule 12(b)(6) motion, the Court "must first 'tak[e] note of the elements a plaintiff must plead to state [the] claim to relief,' and then determine whether the plaintiff has pleaded those elements with adequate factual support to 'state a claim to relief that is plausible on its face.'" *Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015) (alterations in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

675, 678 (2009).  "[D]etailed factual allegations" are not required, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although a complaint may survive even if "recovery is very remote and unlikely," the alleged facts "must be enough to raise a right to relief above the speculative level."  *Id.* at 555–56 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III. ANALYSIS

### A.      Defendant's Motion to Dismiss

In his complaint, Plaintiff seeks $1,222.07, the amount that he alleges the IRS overcharged him for his 2023 taxes, plus interest.  Dkt. 1 at 4 (Compl.).  For his cause of action, Plaintiff invokes 18 U.S.C. § 872, a federal criminal offense for extortion by officers or employees of the United States.  *Id.* at 5 (Compl.).  In its motion to dismiss, Defendant construes Plaintiff's complaint as seeking either a tax refund or damages on a theory of common law negligence and argues, among other things, that this Court lacks subject-matter jurisdiction over either claim.  Dkt. 13 at 3, 5–6.  In his response, Plaintiff strenuously denies that he is bringing a tax refund claim or a common law negligence claim.[4]  Dkt. 17 at 17–18.  He reasserts that he is entitled to damages under 18 U.S.C. § 872 and argues that 26 U.S.C. § 7433 waives the sovereign immunity of the United States for damages claims arising from the misconduct of IRS

---

[4] Had Plaintiff brought a claim for a tax refund, he would be in the wrong court.  In tax-related actions brought under 28 U.S.C. § 1346(b)(1), including tax-refund suits, Congress has limited venue to "the judicial district where the plaintiff resides."  28 U.S.C. § 1402(a)(1); *see Wallace v. United States*, 557 F. Supp. 2d 100, 102–03 (D.D.C. 2008).  The District of Columbia is therefore "an improper venue for non-resident plaintiffs bringing suit on tax related matters against the government."  *Wallace*, 557 F. Supp. 2d at 103.  Because Plaintiff lives in Ohio, *see* Dkt. 1 at 1; Dkt. 1-2 at 34, venue for any tax-refund claim lies in the judicial district where he resides in Ohio, not in the District of Columbia.

officers. *Id.* at 18–19.  He also cites 31 U.S.C. § 3104 as additional statutory authorization for his damages claim.  *Id.* at 19.

Regardless of how Plaintiff's request for damages is labeled, the Court lacks subject-matter jurisdiction over any claim for damages based on the IRS's calculation of Plaintiff's tax liability.  Federal courts lack subject-matter jurisdiction over a suit against the United States unless the United States has expressly waived its sovereign immunity.  *See United States v. Mitchell*, 463 U.S. 206, 212 (1983).  "A party bringing suit against the United States bears the burden of proving that the government has unequivocally waived its immunity." *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003).

Plaintiff has not identified any statutory provision waiving sovereign immunity for damages claims arising from the IRS's assessment of tax liability.  Although 26 U.S.C. § 7433(a) waives sovereign immunity for certain claims seeking monetary damages arising from improper tax collection, it does not apply to disputes involving the assessment of taxes.  *See Kim v. United States*, 632 F.3d 713, 716 (D.C. Cir. 2011) (collecting circuit cases holding that the IRS's assessment of a taxpayer's tax liability is not an act of collection and therefore not actionable under § 7433); *Morrow v. United States*, 723 F. Supp. 2d 71, 80 (D.D.C. 2010).  The D.C. Circuit has distinguished between the determination of a taxpayer's liability—which is not covered by § 7433's waiver of sovereign immunity—and "administrative enforcement efforts such as tax liens or levies to collect outstanding taxes"—which are covered.  *Kim*, 632 F.3d at 716; *see also Hibbs v. Winn*, 542 U.S. 88, 100 (2004) (explaining that "[a]s used in the Internal Revenue Code …, the term 'assessment' involves a 'recording' of the amount the taxpayer owes the Government" (citing 26 U.S.C. § 6203)).  Because all of Plaintiff's allegations pertain to the IRS's allegedly improper calculation of his 2023 tax liability, rather than some aspect of the

6

IRS's efforts to collect his taxes, his damages claim falls outside of § 7433's waiver of sovereign immunity for tax-collection activities. *See Satterlee v. Comm'r of Internal Revenue*, 195 F. Supp. 3d 327, 336–37 (D.D.C. 2016) (dismissing for lack of subject-matter jurisdiction plaintiff's claim that the IRS's levies were fraudulent because he did not owe taxes); *Spahr v. United States*, 501 F. Supp. 2d 92, 96 (D.D.C. 2007) (similar).

Nor does either 18 U.S.C. § 872 or 31 U.S.C. § 3104 waive sovereign immunity for tax-related disputes. As Defendant points out, 18 U.S.C. § 872 is a criminal statute, which "do[es] not provide for [a] private cause[] of action," let alone a waiver of sovereign immunity. *RJ Production Co. v. Nestle USA, Inc.*, No. 10-0584, 2010 WL 1506914, at *2 n.1 (D.D.C. Apr. 15, 2010); *see Stephens v. United States*, 514 F. Supp. 2d 70, 74 (D.D.C. 2007) (dismissing tax-related claims referencing criminal statutes because such statutes "[did] not provide plaintiffs with any private right of action to support their civil suit"). 31 U.S.C. § 3104 concerns the issuance and administration of federal debt obligations. It does not waive sovereign immunity for tax-related disputes.

Finally, although Plaintiff is adamant that his complaint does not assert a common law negligence claim, out of an abundance of caution, the Court notes that such a claim would also fail for lack of subject-matter jurisdiction. A common law negligence claim against the United States would arise, if at all, under the Federal Tort Claims Act ("FTCA"), which waives sovereign immunity for covered torts claims. 28 U.S.C. § 1346(b)(1*)*; *Clark Cnty. Bancorporation v. U.S. Dep't of Treasury*, No. 13-cv-632, 2014 WL 5140004, at *10 (D.D.C. Sept. 19, 2014). However, the FTCA does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). As the Court has already explained, Plaintiff is challenging the IRS's calculation of his tax liability. His claims therefore arise "in

respect of the assessment or collection of any tax" and fall within § 2680(c)'s exception from the FTCA's waiver of sovereign immunity.

Because Plaintiff's allegations concern a tax assessment rather than the type of collection activity required to state a claim under 26 U.S.C. § 7433, and because 18 U.S.C. § 872, 31 U.S.C. § 3104, and the FTCA do not waive the sovereign immunity of the United States for tax-related disputes, the Court lacks jurisdiction over Plaintiff's damages claim. Furthermore, Plaintiff has not identified, and the Court is not aware of, any legal authority that would permit the Court to order the IRS to correct a taxpayer's account. The Court will therefore grant Defendant's motion to dismiss.

**B.      Plaintiff's Motions for Relief from Judgment**

After Defendant filed its motion to dismiss, but before the Court issued an order resolving that motion, Plaintiff filed two motions for relief from judgment under Rule 60(b). Dkts. 17, 18, 22. Rule 60(b) authorizes the Court to "relieve a party … from a final judgment, order, or proceeding" under a limited set of circumstances. Fed. R. Civ. P. 60(b). At the time that Plaintiff filed his Rule 60 motions, the Court had yet to rule on Defendant's motion to dismiss or otherwise enter any order resolving any of Plaintiff's claims. Because they were filed prior to the entry of final judgment, Plaintiff's Rule 60(b) motions were premature. *See Williams v. Johanns*, No. CIV.A. 03-2245, 2007 WL 1655865, at *2 (D.D.C. June 7, 2007) ("Furthermore, any request by Plaintiffs for relief pursuant to Rule 60(b) is not applicable, as there has been no 'final judgment, order, or proceeding' in this case." (quoting Fed. R. Civ. P. 60(b)) (citation omitted)). Recognizing that Plaintiff is proceeding *pro se*, however, the Court has considered the arguments raised in Plaintiff's motions for relief from judgment in resolving Defendant's motion

to dismiss, and, for the reasons explained above, concludes that Plaintiff's arguments are meritless.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendant's Motion to Dismiss, Dkt.

13, and **DISMISS** Plaintiff's complaint, and will **DENY** Plaintiff's Motion for Relief from

Judgment, Dkt. 18, and Motion for Reconsideration, Dkt. 22.

A separate order will issue.

<u>/s/ Randolph D. Moss</u>
RANDOLPH D. MOSS
United States District Judge

Date: March 4, 2026